IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:16-CR-201 |
| *v.* | ) |
| | ) Honorable Gerald Bruce Lee |
| KYLER GEORGE SCHMITZ, | ) |
| | ) |
|     *Defendant.* | ) |
| | ) |

## **DEFENDANT'S MEMORANDUM REGARDING APPLICABILITY OF § 3143(a)(2)**

Paragraph 2 of the Plea Agreement in this case states that the "defendant understands that this case *may be* governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c)." These provisions provide for mandatory detention of defendants convicted of certain offenses, including crimes of violence, pending sentencing unless exceptional reasons exist. Defendant Kyler Schmitz, by counsel, hereby submits this Memorandum to explain why Mr. Schmitz's case is not covered by 18 U.S.C. § 3143.

In pertinent part, § 3143 requires mandatory detention pending sentencing for defendants found guilty of a "crime of violence." 18 U.S.C. § 3143(a)(2) (cross-referencing § 3142(f)(1)(A)). A "crime of violence" means "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another" (the "Force Clause"), or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "Residual Clause"). *Id.* § 3156(a)(4)(A)-(B). For different reasons, neither definition should be applied to the offense at issue: making threats in interstate commerce in violation of 18 U.S.C. § 875(c).

The Force Clause does not apply because § 875(c) does not categorically have as an element the "threatened use of physical force." 18 U.S.C. § 3156(a)(4)(A) (emphasis added).

Section 875(c) makes it a crime to "transmit . . . any threat to injure the person of another." In other words, § 875(c) criminalizes the threat of action that, if carried out, will result in physical injury. But physical injury can result from conduct, such as omissions or fraud, that do not require the use of physical force. *See, e.g.*, *United States v. Gomez*, 690 F.3d 194, 201 (4th Cir. 2012) ("a defendant may be found guilty of physical child abuse by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force against a child.").

As such, the Fourth Circuit has concluded that "a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012). And "[a]n offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the . . . definition of crime of violence." *Id.*[1] For that reason, the court in *Torres-Miguel* held that a California criminal-threats statute did not qualify as a crime of violence. *Id.* at 168-69.[2] *Torres-Miguel* controls here, and forecloses application of § 3143(a)(2).[3]

Nor does the Residual Clause apply. That portion of the definition is unconstitutionally vague, and should not be used to define the term "crime of violence." In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court invalidated as vague the residual clause in the definition

---

[1] *Torres-Miguel* involved the "crime of violence" provision in the Sentencing Guidelines; however, there are no material differences between the definition of "crime of violence" in the Sentencing Guidelines and § 3156. *Compare* 18 U.S.C. § 3156(a)(4)(A), *with* U.S.S.G. § 2L1.2 cmt. n. 1(b)(iii).

[2] The California statute is not meaningfully different from § 875(c). *See Torres-Miguel*, 701 F.3d at 167-68 (quoting Cal. Penal Code § 422(a)).

[3] Some courts in this district have suggested that the Supreme Court's decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014), has abrogated *Torres-Miguel*. *See United States v. Taylor*, No. 1:06-cr-430, 2016 WL 4718949, at *12 (E.D. Va. Sept. 8, 2016). The Fourth Circuit, however, recently found it "dubious" that *Castleman* "abrogated the distinction . . . recognized in *Torres-Miguel* between the use of force and the causation of injury." *United States v. McNeal*, 818 F.3d 141, 156 n.10 (4th Cir. 2016).

of "violent felony" found in the Armed Career Criminal Act. That language—which encompassed any crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," *id.* at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B))—was unconstitutional because it "both denies fair notice to defendants and invites arbitrary enforcement by judges," *id.* at 2557. That unconstitutional language from the Armed Career Criminal Act is materially indistinguishable from the language of the Residual Clause in § 3156, rendering § 3156 unconstitutionally vague for the same reasons as the statutory language at issue in *Johnson*. *See In re Hubbard*, 825 F.3d 225, 233 (4th Cir. 2016) (noting two other circuits have found 18 U.S.C. § 16(b)—language identical to § 3156—unconstitutional under *Johnson*).[4]

Even if § 3143(a)(2) applies, Mr. Schmitz should be released prior to sentencing because "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). No evidence exists that Mr. Schmitz posed any actual threat to any person or that he actually intended to carry out any of the threatening statements that he posted to Twitter. Indeed, Mr. Schmitz did not possess a firearm, and he was cooperative when law enforcement agents visited his home after they became advised of Mr. Schmitz's Twitter posts. Moreover, many of Mr. Schmitz's contemporaneous posts on Twitter made clear that Mr. Schmitz had no intention of actually buying a gun, and they explicitly tied his threatening statements to his opposition to the availability of guns in this country. Additionally, detaining Mr. Schmitz would interrupt the

---

[4] Likewise, it is no answer to say that due process vagueness concerns apply only to the definition of crimes and sentencing provisions. For example, the Supreme Court has applied vagueness principles to agency regulations, *FCC v. Fox Television Stations*, 132 S. Ct. 2307, 2319 (2012), and a rule authorizing the imposition of costs on an acquitted defendant, *Giaccio v. Pennsylvania*, 382 U.S. 399 (1966). In fact, the Supreme Court has even considered a vagueness challenge to a bail statute in *Schall v. Martin*, 467 U.S. 253, 278 (1984). Although the majority in *Schall* rejected the argument, it did not do so on the ground that detention statutes are not subject to vagueness challenges.

counseling and other treatment outlined in Senior U.S. Probation Officer Paul Arnett's status letter dated September 26, 2016.

Finally, the government has agreed to recommend no more than six months of imprisonment, and Mr. Schmitz likely will seek a sentence of probation. As such, detention of Mr. Schmitz may well frustrate the Court's ability to impose a sentence that is sufficient but not greater than necessary to accomplish the purposes of sentencing in this case. Indeed, Mr. Schmitz has committed no violations of his conditions of pretrial release, and has otherwise faithfully abided by all conditions of pre-trial supervision. Because there is no reason to believe Mr. Schmitz presents a threat to anyone, and given the modest sentencing range recommended by the parties in the plea agreement, exceptional reasons exist in this case establishing that Mr. Schmitz should not be detained pending sentencing.

|  |  |
|---|---|
| September 26, 2016 | Respectfully submitted,<br>Kyler Schmitz<br><br>By Counsel,<br><br>Geremy C. Kamens<br>Federal Public Defender<br><br>_____/s/_____<br> |
| Eric R. Nitz<br>Pro Bono Counsel<br>MoloLamken LLP<br>600 New Hampshire Ave., N.W.<br>Washington, D.C. 20037<br>(202) 556-2021 (telephone)<br>(202) 809-1243 (facsimile)<br>enitz@mololamken.com | Geremy C. Kamens<br>Virginia Bar No. 41596<br>Attorneys for Defendant<br>Office of the Federal Public Defender<br>1650 King Street, Suite 500<br>Alexandria, VA 22314<br>(703)600-0848 (telephone)<br>(703)600-0880 (facsimile)<br>Geremy_Kamens@fd.org |

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2016, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alexander Berrang, Esq.
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA  22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/_____
Geremy C. Kamens
Virginia Bar No. 41596
Attorneys for Defendant
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA  22314
(703)600-0848 (telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org