# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:16-CR-201 |
| ) | |
| KYLER GEORGE SCHMITZ, ) | Honorable Gerald Bruce Lee |
| ) | |
| *Defendant*. ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MEMORANDUM
## REGARDING APPLICABILITY OF § 3143(a)(2)

On September 27, 2016, Defendant Kyler George Schmitz will appear before this Court for arraignment on an indictment charging five counts of communicating threats in interstate commerce, in violation of 18 U.S.C. § 875(c). The charges stem from messages that the Defendant posted on Twitter between June 14 to 16, 2016, vividly describing how the Defendant intended to use a firearm to shoot particular U.S. senators in the face or head. At the arraignment, the Defendant is expected to plead to a single count of § 875(c), and, in accordance with a plea agreement, admit that he knowingly and deliberately transmitted five particular threatening tweets for the purpose of issuing threats or with the knowledge that the communications would be viewed as threats.

Despite the Defendant's anticipated guilty plea, he has filed a memorandum arguing that he is not subject to mandatory detention pursuant to 18 U.S.C. § 3143 because 18 U.S.C. § 875(c) is not categorically a crime of violence. To support this claim, the Defendant cites the Fourth Circuit's decision in *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012),

and the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). For the reasons stated below, the Government respectfully disagrees.

## STATUTORY FRAMEWORK

The release or detention of individuals pending sentencing is governed by 18 U.S.C. § 3143. That provision provides that an individual found guilty of a crime of violence "shall" be detained pending imposition or execution of sentence unless (1) "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," and (2) "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *See* 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2).

The phrase "crime of violence," in turn, is defined in 18 U.S.C. § 3156 as follows:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117;

18 U.S.C. § 3156(a)(4). Subsection (A) is known as the "force clause" and subsection (B) is known as the "residual clause."

The crime to which the Defendant is expected to plead guilty on September 27, 2016, is 18 U.S.C. § 875(c). That statutory provision prohibits the transmission "in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another."

ANALYSIS

I.     Section 875(c) Satisfies the Bail Reform Act's Force Clause

Section 875(c) fits squarely within the force clause and residual clause of § 3156(a)(4). With respect to the force clause, the threatened use of force is necessarily an element of a successful § 875(c) prosecution. This is so because "injur[ing] the person of another" necessarily includes physical force. 18 U.S.C. § 875(c); *see United States v. Castleman*, 134 S. Ct. 1405, 1414 (2014) ("[A] 'bodily injury' must result from 'physical force.'"). Stated differently, "[i]t is impossible to cause bodily injury without applying force in the common-law sense." *Id.* at 1415.

That it is theoretically possible to threaten to cause a bodily injury that does not involve the direct application of physical force is of no moment. As the Second Circuit recently remarked in *United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667 (2d Cir. Aug. 3, 2016), "physical force 'encompasses even its indirect application,' as when a battery is committed by administering a poison." *Id.* at *6 (quoting *Castleman*, 134 S. Ct. at 1414). This is because "'[t]hat the harm occurs indirectly, rather than directly (as with a kick or a punch), does not matter' lest we conclude that pulling the trigger on a gun involves no use of force 'because it is the bullet, not the trigger, that actually strikes the victim.'" *Id.* (quoting *Castleman*, 134 S. Ct. at 1414-15.)

The Defendant, in turn, has offered no persuasive reason for why the logic of *Castleman* and *Hill* are inapplicable here. Indeed, his only argument that § 875(c) does not satisfy the force clause of § 3156(a)(2) is that the Fourth Circuit in 2012 declined to find that a California statute criminalizing threats qualified as a crime of violence. *See United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012). The problem with this position, however, is two-fold. First,

3

*Torres-Miguel* was decided in the context of an entirely different statutory framework: the U.S. Sentencing Guidelines. Second, it is difficult to reconcile *Torres-Miguel* with *Castleman*. Although the Fourth Circuit has noted in dictum that *Torres-Miguel* may remain good law after *Castleman*, *see United States v. McNeal*, 818 F.3d 141, 156 n.10 (4th Cir. 2016), several jurists in this jurisdiction have concluded otherwise, *see, e.g.*, *United States v. Jimenez-Segura*, No. 1:07-CR-146, 2016 WL 4718949, at *12 n.33 (E.D. Va. Sept. 8, 2016); *United States v. Clarke*, No. JKB-15-503, 2016 WL 1110306, at *6 (D. Md. Mar. 22, 2016); *United States v. Walker*, No. 3:15-cr-49, 2016 WL 153088, at *6 n.15 (E.D. Va. Jan. 12, 2016).

## II. Section 875(c) Also Satisfies the Bail Reform Act's Residual Clause

Accordingly, this Court should conclude that § 875(c) constitutes a crime of violence under the force clause of § 3156(a)(4). Nonetheless, even if the Court were to reach a contrary decision, mandatory detention of the Defendant pending sentencing also is necessitated by the fact that § 875(c) meets the residual clause of § 3156(a)(4)(B).

To bring a successful § 875(c) prosecution, the United States must prove that a defendant communicated a "true threat." *United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016). Therefore, as the Eastern District of New York has observed, "there is little room for argument that the risk of violence is not 'substantial.'" *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013) (determining that violations of 18 U.S.C. § 875(c) "constitute[] . . . 'crimes of violence,' warranting detention under the Bail Reform Act").

The Defendant, however, claims that § 3156(a)(4)(B) is unconstitutional in light of *Johnson*. There, the Supreme Court held as unconstitutionally vague the Armed Career Criminal Act ("ACCA")'s residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), *i.e.*, the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious

4

potential risk of physical injury to another." 135 S. Ct. at 2563. The Defendant seeks to apply *Johnson* to this case on the basis that the statutory language at issue in *Johnson* is similar to the language present in § 3156(a)(4)'s residual clause.

The problem with the Defendant's argument is that it overlooks the impetus for *Johnson*. As the Fifth Circuit sitting en banc recently observed, *Johnson* was the product of two particular concerns: (1) the ACCA's "'residual clause [left] grave uncertainty about how to estimate the risk posed by a crime' under the categorical approach required by *Taylor v. United States*, 495 U.S. 575, 600 (1990)"; and (2) "the Act's 'imprecise "serious potential risk" standard' was difficult to apply." *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *3 (5th Cir. Aug. 5, 2016) (en banc) (quoting *Johnson*, 135 S. Ct. at 2557-58).

The residual clause of 18 U.S.C. § 3156(a)(4)(B), however, does not suffer from the same defects as ACCA's residual clause. The United States acknowledges that, like ACCA, § 3156(a)(4)(B) involves a risk-based analysis of the "ordinary case" and that the Court in *Johnson* identified the ordinary-case analysis as a problematic feature of ACCA's residual clause. *See* 135 S. Ct. at 2557-58, 2561. Yet, § 3156(a)(4)(B) is significantly narrower than the ACCA's residual clause. The problem with the ACCA's residual clause was that it required courts to go "beyond evaluating the chances that the physical acts that make up the crime injure someone" and to evaluate the risk for injury even "after" completion of the offense. *See Johnson*, 135 S. Ct.. at 2557. The consideration of post-offense conduct was therefore part of ACCA's indeterminate "wide-ranging inquiry." *Id.*

In contrast, § 3156(a)(4)(B) applies only when the risk of force occurs "in the course of committing the offense." This means that the assessment is confined to the risks that arise during the commission of the offense. *See Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) (observing in

5

the context of 18 U.S.C. § 16(b), a statute with language similar to § 3156(a)(4)(B), that to determine whether an offense is a crime of violence, a court must "look to the elements and the nature of the offense of conviction"). Further, § 3156(a)(4)(B) looks at the risk of the "use of force" rather than the much broader "risk of injury." Thus, § 3156(a)(4)(B)'s focus on the use of force during an offense, rather than on the potential risk and effects of the offense, limits the statute's reach and avoids the kind of speculation about extra-offense conduct that *Johnson* denounced. *See Johnson*, 135 S. Ct. at 2557, 2559.

It also is important to note that § 3156(a)(4)(B)'s structure differs significantly from the ACCA's residual clause. Section 3156(a)(4)(B) does not contain an introductory list of enumerated crimes followed by an "otherwise" provision that the Court treated as qualifying the predicate offenses. Conversely, the presence of the enumerated list of offenses in the ACCA was a determinative factor in *Johnson*. For example, the Court attributed part of the "uncertainty about how much risk it takes for a crime to qualify" to the residual clause's structure, which "forces courts to interpret 'serious potential risk' in light of the four enumerated crimes— burglary, arson, extortion, and crimes involving the use of explosives." *Id.* at 2558. Markedly, the Court distinguished other statutes requiring risk-based assessments in part because they did not "link[] a phrase such as 'substantial risk' to a confusing list of examples." *Id.* at 2561. It therefore is significant that § 3156(a)(4)(B), like the statutes the Court distinguished in *Johnson*, contains no "confusing list" to cloud its analysis. *See Gonzalez-Longoria*, 2016 WL 4169127, at *4 (equating § 16(b) to "the 'dozens of federal and state criminal laws' that employ terms such as 'substantial risk,' 'grave risk,' or 'unreasonable risk' that state and federal judges interpret as a matter of routine" (quoting *Johnson*, 135 S. Ct. at 2561)).

Finally, it is worth noting that the Supreme Court's invalidation of the ACCA's residual clause occurred "only after '[n]ine years' experience trying to derive meaning from the . . . clause,' 'repeated attempts and repeated failures to craft a principled and objective standard,' and years of 'pervasive disagreement' in the lower courts about how to conduct the categorical-approach inquiry with respect to the clause." *Id.* at *6 (quoting *Johnson*, 135 S. Ct. at 2558-60). The *Johnson* Court, in short, viewed the ACCA's residual clause as a "failed enterprise." 135 S. Ct. at 2560. Such a record of unworkability is lacking here. Indeed, the United States is not aware of any Supreme Court decisions expressing confusion as to how to construe § 3156(a)(4)(B). Because there is a strong presumptive validity to Acts of Congress, *see United States v. National Dairy Products Corp.*, 372 U.S. 29, 32 (1963), the United States submits that the appropriate course of action is to construe, rather than condemn, § 3156(a)(4)(B), *see Skilling v. United States*, 561 U.S. 358, 403 (2010).

## CONCLUSION

On June 14 and 16, 2016, the Defendant knowingly and deliberately used his Twitter account to threaten, *inter alia*, to shoot U.S. senators in their "face" so as to "admire [their] brains . . . splatter[ing] across the room." It is immaterial for purposes of determining the Defendant's detention pending sentencing whether he, in fact, possessed a firearm, or whether he agreed to an interview with law enforcement, or whether he also posted seemingly non-threatening communications. The conduct to which the Defendant is pleading constitutes a crime of violence, either by virtue of § 3156(a)(4)'s force clause or residual clause. Because the United States is seeking a sentence of imprisonment, the Bail Reform Act mandates the detention of the Defendant pending sentencing.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:           /s/
Alexander P. Berrang
Kellen S. Dwyer
Assistant United States Attorneys

United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3700
Fax:   (703) 299-3981
Email: Alexander.P.Berrang@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 27, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then automatically generate a Notice of Electronic Filing to the following:

    Geremy Kamens
    Federal Public Defender
    Office of the Federal Public Defender
    1650 King Street, Suite 500
    Alexandria, VA 22314
    Tel: (703) 600-0848
    Fax: (703) 600-0880
    Geremy_Kamens@fd.org

          By:     /s/
            Alexander P. Berrang
            Assistant United States Attorney
            United States Attorney's Office
            Eastern District of Virginia
            2100 Jamieson Avenue
            Alexandria, Virginia 22314
            Tel: (703) 299-3700
            Fax: (703) 299-3981
            Email: Alexander.P.Berrang@usdoj.gov