# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA
v.

KYLER GEORGE SCHMITZ
        Defendant.

Case Number: 1:16CR00201-001

USM Number: 90169-083
Defendant's Attorney: Geremy Kamens, Esquire
and Eric Nitz, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 4 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 875(c) | Interstate threatening communications | Felony | June 16, 2016 | 4 |

The Court has dismissed Counts 1, 2, 3, and 5 of the Indictment on the government's motion.

As pronounced on December 15th, 2016, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to 18 U.S.C. 3553 and the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this ____ day of December, 2016.

/s/
Gerald Bruce Lee
United States District Judge

Defendant's Name:     SCHMITZ, KYLER GEORGE
Case Number:     1:16CR00201-001

## SUPERVISED PROBATION

    The defendant is hereby placed on supervised probation for a term of TWO (2) YEARS.
    The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Probation.
    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
    The defendant shall not commit another federal, state or local crime.
    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
    If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name:     SCHMITZ, KYLER GEORGE
Case Number:     1:16CR00201-001

# SPECIAL CONDITIONS OF SUPERVISED PROBATION

While on Supervised Probation pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. Defendant shall serve a term of NINETY (90) DAYS OF HOME CONFINEMENT WITH ELECTRONIC LOCATION MONITORING, with time outs for employment and other activities approved in advance by the Probation Officer.

2. Defendant shall wear an electronic device while on home confinement, follow electronic monitoring procedures, and pay the cost of electronic monitoring, as directed by the Probation Officer.

3. Defendant shall comply with all the requirements of the computer monitoring program administered and installed by the Probation Officer, including installation on any computer and smart wireless telephone to which defendant has access, and shall not tamper with the monitoring software in any way, all as directed by the Probation Officer.

4. Defendant shall not use Twitter or any social media service/application/program/website whatsoever.

5. Defendant shall participate in, pay the costs of, and successfully complete, a program of mental health treatment and counseling at the direction of the Probation Officer.

6. Defendant shall waive his rights of confidentiality, in writing, in connection with his mental health treatment, to allow the Probation Officer to have direct contact with defendant's mental health provider(s) and access to all of his mental health records.

7. Defendant shall participate in, and successfully complete, a program of substance abuse testing and treatment that may include residential testing and treatment, with partial costs to be paid by defendant, and with all of his rights of confidentiality regarding substance abuse treatment and testing also waived in writing.

Defendant's Name: SCHMITZ, KYLER GEORGE
Case Number: 1:16CR00201-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| Count 4 | $100.00 | $0.00 | $00.00 |
| **TOTALS:** | **$100.00** | **$0.00** | **$00.00** |

## FINES

No fine has been ordered in this case.

## RESTITUTION

Restitution has not been ordered in this case.

**The Court does not impose any costs for prosecution and supervised probation in this case, except as otherwise noted under Special Conditions of Supervised Probation.**

Defendant's Name: SCHMITZ, KYLER GEORGE
Case Number: 1:16CR00201-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   No order of forfeiture was filed in this case.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.