**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 1:16-CR-201 |
| | ) | |
| **KYLER GEORGE SCHMITZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

COMES NOW the defendant, Kyler Schmitz, by and through his attorney, and respectfully requests early termination of supervised probation. In support of this request, Mr. Schmitz states as follows:

1. On December 16, 2016, the Honorable Gerald Bruce Lee sentenced Mr. Schmitz to serve two years of supervised probation, including 90 days of home confinement, following Mr. Schmitz's guilty plea to making interstate threatening communications in violation of 18 U.S.C. § 875(c). The underlying offense involved, in the wake of the Pulse Nightclub mass shooting in Orlando, Florida, the transmission of threats via twitter directed at several U.S. Senators who opposed gun control.

2. At the sentencing hearing, Judge Lee stated that he would consider early termination of probation after 12 months if Mr. Schmitz complied with the terms of his supervision, and the parties and the U.S. probation office agreed. Transcript of December 16, 2016 Hearing, p. 32-33, attached as Exhibit 1.

3. Under 18 U.S.C. § 3564(c), this Court may, after consideration of the factors set forth in 18 U.S.C. § 3553(a), terminate probation after 12 months if the Court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

4. In the sixteen (16) months since the Court sentenced Mr. Schmitz, he has complied with the terms and conditions of his supervised probation, and has had no petitions filed with the Court seeking revocation of his probation.

5. Undersigned counsel has conferred with U.S. Probation Officer Kim Hess regarding early termination. Officer Hess does not object to early termination of probation in this case.

6. Undersigned has also conferred with the government regarding early termination. The government opposes termination of supervised probation based upon the original offense conduct.

7. Mr. Schmitz has fully complied with the terms of his probation, works full time, maintains a stable residence with his husband, and the assigned probation officer has no objection to termination of probation in this case.

8. The sentencing judge also explicitly stated that the Court would consider early termination at the sentencing hearing, even though the Court was fully aware of the nature of the original offense conduct at the time of sentencing.

9. Under these circumstances, we respectfully ask the Court to enter the attached proposed order granting early termination of supervised probation in this case.

Respectfully submitted,

Kyler George Schmitz
By Counsel

/s/ Geremy C. Kamens
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Office of the Federal Public Defender

1650 King Street, Suite 500
Alexandria, Virginia   22314
(703) 600-0800 (T)
(703) 600-0880 (F)
Geremy_Kamens@fd.org

3

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 16, 2018, I will file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Alexander Berrang
    Assistant United States Attorney
    2100 Jamieson Avenue
    Alexandria, VA   22314
    (703) 299-3700

  Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day.

            /s/ Geremy C. Kamens
            Geremy C. Kamens
            Va. Bar No. 41596
            Office of the Federal Public Defender
            1650 King Street, Suite 500
            Alexandria, Virginia   22314
            (703) 600-0800 (T)
            (703) 600-0880 (F)
            Geremy_Kamens@fd.org